UNITED STATES DISTRICT COURT
NORHTHERN DISTRICT OF TEXAS

| | |
|---|---|
| ZACHERY WARD )<br>)<br>Plaintiff )<br>)<br>vs. )<br>)<br>CAPITAL ONE BANK (USA), N.A. )<br>)<br>& )<br>ALLIED INTERSTATE, LLC )<br>)<br>Defendants )<br>) | Case Number<br><br>CIVIL COMPLAINT<br><br>JURY TRIAL DEMANDED |

### COMPLAINT AND JURY DEMAND

**COMES NOW,** Plaintiff, Zachery Ward, by and through his undersigned counsel, Bruce K. Warren, Esquire and Brent F. Vullings, Esquire of Warren & Vullings, LLP, complaining of Defendants and respectfully avers as follows:

### I.   INTRODUCTORY STATEMENT

1. Plaintiff, Zachery Ward, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendants for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### II.   JURISDICTION

2. Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3. Venue in this District is proper in that Plaintiff resides here.

### III.   PARTIES

4. Plaintiff, Zachery Ward, is an adult natural person residing at 1716 Norwood Lane, Arlington, Texas 76013. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Capital One Bank (USA), N.A. (Defendant, Capital One), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the state of Texas and the Commonwealth of Virginia and has a principal place of business located at 1680 Capital One Drive, McLean, VA 22102.

6. Defendant, Allied Interstate, LLC (Defendant, Allied), at all times relevant hereto, is and was a limited liability company engaged in the business of collecting debt within the state of Texas and the state of Minnesota and has a principal place of business located at 800 West Interchange, 435 Ford Road, Minneapolis, MN 55426.

7. Defendants are engaged in the collection of debts from consumers using the telephone and mail. Defendant, Allied Interstate regularly attempt to collect consumer debts alleged to be due to another. Defendant, Allied Interstate, is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV.   FACTUAL ALLEGATIONS

8. On or about July 20, 2011, Plaintiff started to receive calls to his personal cell phone from Defendant, Allied Interstate, at 877-218-3219, stating that they were collecting on a debt allegedly owed to Defendant, Capital One.

9. Plaintiff called Defendant, Allied Interstate, back that same day, informing Defendant's agent, "Robert", that he has never had an account with Defendant, Capital One, and that they were calling the wrong person.

10. Plaintiff insisted that Defendant, Allied Interstate, remove him from their call list.

11. Defendant, Allied Interstate, assured the Plaintiff that they would mark their files and remove Plaintiff's cell phone number from their call list.

12. Despite Plaintiff's request, on or about July 22, 2011, Plaintiff received two (2) calls from Defendant, Allied Interstate.

13. On or about July 23, 2011, Plaintiff received six (6) calls to his personal cell phone from Defendant, Allied Interstate.

14. On or about that same day, July 23, 2011, Plaintiff, spoke with Defendant's agent, "Robert", again telling him that he has never done business with Defendant, Capital One, and that they needed to stop calling.

15. Defendant, Allied Interstate's agent, "Robert" told the Plaintiff that they would update their records within three (3) days and the calls would cease.

16. On or about July 24, 2011, Plaintiff received eight (8) calls from Defendant, Allied Interstate again to his personal cell phone.

17. On or about July 26, 2011, Plaintiff received five (5) calls from Defendant, Allied Interstate.

18. Despite, Defendant, Allied Interstate, assuring the Plaintiff that the calls would stop, Plaintiff continued to receive collection calls on an account that he has never had with Defendant, Capital One.

19. On or about July 27, 2011, Plaintiff received six (6) calls from Defendant, Allied Interstate still attempting to collect on an account for someone else.

20. On or about July 28, 2011, Plaintiff received six (6) calls from Defendant, Allied Interstate.

21. On or about July 29, 2011, Defendant, Allied Interstate, placed four (4) calls to the Plaintiff continuing to disregard the Plaintiff's request.

22. On or about July 30, 2011, Defendant, Allied Interstate, placed five (5) calls to the Plaintiff.

23. On or about July 31, 2011, Plaintiff received two (2) more calls from Defendant, Allied Interstate.

24. Plaintiff stated that the majority of the calls received from Defendant, Allied Interstate, have been automated calls.

25. At this time, Plaintiff spoke with Defendant, Capital One's abuse line and spoke with agents, "Sean" and "Laizel".

26. Defendant, Capital One's, agent, "Sean", confirmed that the Plaintiff did not have an account with Defendant, Capital One, and also reassured the Plaintiff that they would update their records and remove the Plaintiff from their calling list.

27. Plaintiff continued however to receive calls to his personal cell phone resulting in the loss of minutes and adding an exorbitant cost to his monthly cell phone charges.

28. Defendants acted in a false, deceptive, misleading and unfair manner by threatening to take action that it did not intend to take for the purpose of coercing Plaintiff to pay the debt.

29. Defendant, Allied Interstate, knew or should have known that their actions violated the FDCPA. Additionally, Defendant, Allied Interstate, could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

30. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendants herein.

31. At all times pertinent hereto, the conduct of Defendants as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

32. As a direct consequence of Defendants acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

33. The Defendants conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable.

### COUNT I – FDCPA
### Defendant v. Allied Interstate

34. The above paragraphs are hereby incorporated herein by reference.

35. At all times relevant hereto, Defendants were attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

36. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of 15 U.S.C. § 1692:

| | |
|---|---|
| §§ 1692c(a)(1): | Defendant's agents contacted Plaintiff at a time/place which should have been known to be inconvenient to Plaintiff; |
| §§ 1692d: | Any conduct that natural consequence of which is to harass, oppress or abuse any person; |
| §§ 1692d(5): | Caused the phone to ring or engaged the person in telephone calls repeatedly; |
| §§ 1692f(5): | Caused any charges to be made to the consumer, e.g. continuous cell phone calls |

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in his favor and against Defendants for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. §1692k;

c. Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

d. Such addition and further relief as may be appropriate or that the interests of justice require.

## COUNT II – TCPA
### Plaintiff v. Allied Interstate

37. The above paragraphs are hereby incorporated herein by reference.

38. At all times relevant hereto, Defendant unlawfully, intentionally and fraudulently violated the TCPA, 47 U.S.C. §227 et. seq. and 47 C.F.R. 64.1200 et. seq.

39. The foregoing acts and omissions constitute violations of the TCPA, including but not limited to:

   a. The Defendant used an automatic telephone dialing system that had capacity to store or produce telephone numbers using random or sequential number generation and dialed the telephone number associated with the Plaintiff.

   b. The Defendant initiated telephone calls to Plaintiff's telephone using artificial and prerecorded voice to deliver a message without the prior consent of the Plaintiff.

   c. The Defendant initiated communication to the Plaintiff using an automatic dialer that was not in compliance with the technical and procedural standards set forth by the TCPA.

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in his favor and against Defendant, Allied Interstate, and Order the following relief:

   a. Actual damages;

   b. Statutory damages;

  c.  Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k;

and

  d.  Treble damages.

### COUNT III - TDCPA
### VIOLATIONS OF THE TEXAS DEBT COLLECTION PRACTICES ACT
### FINANCIAL CODE - SEC. 392 et.al.
### Plaintiff v. Allied Interstate and Capital One

40. Plaintiffs hereby restate, realleges, and incorporate herein by reference all foregoing paragraphs as if set forth fully in this count.

41. Under the Texas Financial Code, deceptive acts or practices in the conduct of any business conducted in the State of Texas is unlawful.

  1. Subchapter D, Section 392.302 (Prohibited Debt Collection Methods; Harassment and Abuse);

    (a) Causing a phone to incur long distance charges, or other charges by a medium of communication

    (b) Causing the phone to ring repeatedly or continuously, or making repeated or continuous calls, with the intent to harass a person as the called number

**WHEREFORE**, Plaintiffs respectfully pray that judgment be entered against the Defendants, Allied Interstate and Capital One, for the following:

  a. Actual damages;

  b. Statutory damages pursuant to 15 U.S.C. § 1692k;

  c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d.  Such additional and further relief as may be appropriate or that the interests of justice require.

### V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

Respectfully submitted,

WARREN & VULLINGS, LLP

Date: November 14, 2011

BY: /s/ Bruce K. Warren
Bruce K. Warren, Esquire

BY: /s/ Brent F. Vullings
Brent F. Vullings, Esquire

Warren & Vullings, LLP
93 Old York Road
Suite 333
Jenkintown, PA 19046
215-745-9800   Fax 215-745-7880
Attorneys for Plaintiff